UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH GILBERTI, JR. ,

    Plaintiff,

v.                                                                              Case No.:   2:23-cv-609-SPC-KCD

DONNA MARIE PADAR, RON DESANTIS, RYAN SNYDER, 72 PARTNERS LLC, CHRISTOPHER SHAW, KENNETH HARRISON, FLORIDA SECOND DISTRICT COURT OF APPEALS, THE PENTAGON, FEDERAL BUREAU OF INVESTIGATION, OFFICE OF THE STATE ATTORNEY ED BRODSKY 12TH JUDICIAL CIRCUIT, OFFICE OF THE PUBLIC DEFENDER 12TH JUDICIAL CIRCUIT, 12TH JUDICIAL CIRCUIT COURT OF FLORIDA, 13TH JUDICIAL CIRCUIT COURT OF FLORIDA, 20TH JUDICIAL CIRCUIT COURT OF FLORIDA, 17TH JUDICIAL CIRCUIT COURT OF FLORIDA, US MIDDLE DISTRICT OF FLORIDA, LEE COUNTY SCHOOL BOARD, TOM WIDEN, STEPHEN WALKER, MARK WOLFE, DOMINGUEZ, CONRAD, MANATEE COUNTY COMMISSION, SARASOTA COUNTY COMMISSION, ENVIRONMENTAL PROTECTION AGENCY, US CONGRESS, US SENATE, PEACE RIVER MANASOTA WATER

SUPPLY AUTHORITY,
NATIONAL RAILROAD
PASSENGER CORPORATION,
BILL GATES, CANADIAN
NATIONAL RAILWAY
COMPANY, CSX
TRANSPORTATION INC.,
SEMINOLE GULF RAILWAY,
LAURENCE D. FINK and
BLACKROCK INVESTMENT
GROUP, LLC,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Joseph Gilberti's First Amended Complaint. (Doc. 8.)[1] His claims continue to lack a basis in fact and law. Thus, under 28 U.S.C. § 1915(e), the undersigned recommends the District Court dismiss this frivolous action.

## **I. Background**

This is the latest installment in Gilberti's series of substantially similar lawsuits alleging conspiracies to steal property in Sarasota County, deprive him of the land's natural resources, and poison the nation's water supply. *See Gilberti v. Pentagon*, No. 1:21-CV-00680, 2022 WL 3447162, at *4 (E.D. Va. July 14, 2022); *72 Partners, LLP v. Joseph D. Gilberti*, No. 8:21-CV-1952-WFJ-

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

2

CPT (M.D. Fla. Oct. 5, 2021); *Gilberti v. Centers for Disease Control*, No. 8:21-cv-954-MSS-AEP (M.D. Fla. May 12, 2021); *Gilberti v. Adrurra Group, Inc.*, No. 2:19-cv-282-FtM-38MRM (M.D. Fla. May 15, 2020); *Gilberti v. Adrurra Group, Inc.*, No. 8:19-cv-2012-T-33AAS (M.D. Fla. Dec. 2, 2019); *Gilberti v. Fed. Rsrv. Sys.*, No. 19-CV-0738 (KBJ), 2019 WL 1901293, at *2 (D.D.C. Apr. 29, 2019). The Court dismissed Gilberti's initial complaint *sua sponte*, citing numerous pleading deficiencies. (Doc. 7.) The Court allowed Gilberti to amend and directed him to remove causes of action that seek to overturn the result of a state court foreclosure action, eliminate the pervasive references to "fantastic and delusional scenarios," and disarm his shotgun pleading. (*Id.* at 4-8.) Gilberti was further warned his case would be dismissed if he did not correct these deficiencies. (*Id.* at 8.) As discussed below, Gilberti did not listen. His latest complaint is again a shotgun pleading filled with irrational claims.

## II. Legal Standard

Gilberti is proceeding *pro se*. So the Court must "construe[] [his] pleadings liberally and hold[] them to a less stringent standard than pleadings drafted by attorneys." *Johnson v. Obama*, No. 8:20-CV-929-T-33AAS, 2020 WL 13547454, at *1 (M.D. Fla. May 12, 2020). "Nevertheless, a *pro se* complaint must comply with the threshold requirements of the Federal Rules of Civil Procedure, and must properly state a claim upon which relief can be granted. [This] [C]ourt does not have license to rewrite a deficient pleading." *Bey v.*

3

*Natures Point Homeowners Ass'n*, 1:17-cv-5054-WSD, \*4 (N.D. Ga. April 10, 2018).

Because he is also proceeding *in forma pauperis*, Gilberti avoids the typical costs associated with litigating in federal court. *Phillips v. Mashburn*, 746 F.2d 782, 784 (11th Cir. 1984). But to ensure he does not abuse this privilege, the Court must screen and dismiss his complaint if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. *Id*. The statute governing *in forma pauperis* actions provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> (i)    is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

As to subsection (i), "[a] claim is deemed frivolous under section 1915 if it lacks an arguable basis either in law or in fact." *Mears v. Twitter*, No. 8:19-

CV-1482-T-35CPT, 2019 WL 11504471, at *1 (M.D. Fla. June 24, 2019). "A claim lacks an arguable legal basis if it is predicated upon indisputably meritless legal theories." *Id.* "A finding of factual frivolousness, on the other hand, is appropriate when the facts asserted describe fantastic or delusional scenarios, or rise to the level of the irrational or the wholly incredible." *Id.*

In considering subsection (ii), the Court performs the same analysis it would if reviewing a motion to dismiss under Rule 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To state a claim on which the Court can grant relief, it "must contain (1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the [plaintiff] is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). To be a short and plain statement, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The complaint must also contain allegations that state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of [the alleged conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Complaints filled with fantastic and delusional allegations are not plausible:

> [A] court must take the allegations as true, no matter how skeptical the court may be. The sole exception to this rule lies with allegations that are sufficiently

> fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.

*Iqbal*, 556 U.S. at 696 (Souter, J., dissenting). "Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious." *Ortiz v. Degrees*, No. 210-CV-278-FTM-29SPC, 2010 WL 2889773, at *1 (M.D. Fla. June 28, 2010).

Shotgun pleadings also fail to state a claim for relief. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). The Eleventh Circuit has identified four types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The most common "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" are also impermissible. *Id.* at 1322. So too are complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "When faced with a shotgun pleading, a district court must order a litigant to replead and to make a more definite statement of the claim. When the amended complaint still fails to cure the deficiency, the

complaint may be subject to dismissal." *Thomas v. Leon Cnty. Fire Dep't*, No. 21-13042, 2023 WL 1815509, at *3 (11th Cir. Feb. 8, 2023).

Finally, to state a claim for relief, the complaint must establish the Court's jurisdiction. Fed. R. Civ. P. 8(a)(1). As the plaintiff, "it was Gilberti's burden to plead facts in his complaint sufficient to establish that the district court ha[s] jurisdiction." *Gilberti v. Governor of Fla.*, 835 F. App'x 508, 512 (11th Cir. 2020). This includes both personal and subject-matter jurisdiction. *Donovan v. Rivadeneira*, 557 F. Supp. 3d 1236, 1241 (S.D. Fla. 2021). Failing to establish jurisdiction likewise requires dismissal. *Daker v. Redfin Corp. Inc.*, No. 20-13598, 2021 WL 5235102, at *1 (11th Cir. Nov. 10, 2021).

### III. Discussion

Gilberti's latest complaint contains many deficiencies. The Court focuses on the four main defects that justify dismissal.

### A.     The Amended Complaint is Factually Frivolous

The Amended Complaint remains a frivolous and delusional filing. Gilberti's core allegation is that Defendants and other bad actors wrongfully foreclosed on his property in Sarasota County to deprive him of its natural resources. But the foreclosure claim serves only as a gateway to a dark rabbit hole filled with fanatical conspiracy theories, including accusations that Defendants have repeatedly kidnapped Gilberti and conspired to harm his family, poison our water supply, and hide an underground river that would

7

provide clean water. (*See generally* Doc. 8.) Gilberti also repeatedly alleges that Defendants furthered their conspiracy through acts of terrorism, including the Boston Marathon bombing and mass shootings at Marjorie Stoneman Douglas High School and Pulse Night Club. (*Id.* ¶¶ 2, 15, 16, 23, 39, 78, 123, 127.) At bottom, the Amended Complaint is irrational, delusional, and factually frivolous. *Mears*, 2019 WL 11504471, at *2. Thus, dismissal is proper under § 1915(e).

    **B.**    **The Amended Complaint Fails to State a Claim for Relief Because it Does Not Establish Jurisdiction Over Most of the Defendants**

Gilberti is suing thirty-five defendants. Among them are this Court, both houses of Congress, federal agencies, the Governor of Florida, state courts and judges, the offices of the state attorney and public defender for the 12th Judicial Circuit, and the Lee County School Board. (*See* Doc. 8.) To state a claim for relief, the Amended Complaint must establish jurisdiction over each of these defendants. Fed. R. Civ. P. 8(a)(1).

Important for present purposes, this Court lacks subject-matter jurisdiction over a defendant who has sovereign immunity or is immune from suit under the Eleventh Amendment. *Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 n.2 (11th Cir. 2010); *McClendon v. Georgia Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001). Sovereign immunity shields not only the United States, but its agencies and "[t]he employees of those agencies sued in

8

their official capacities." *Ishler v. Internal Revenue*, 237 F. App'x 394, 397 (11th Cir. 2007). Florida, its agencies, courts, and officials sued in their official capacities enjoy similar immunity under the Eleventh Amendment. *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015).

Sovereign and Eleventh Amendment immunity may be waived only by an unequivocal expression of Congress or the state legislature. *Cypress v. United States*, 646 F. App'x 748, 751 (11th Cir. 2016). It is the plaintiff's burden to establish a waiver of sovereign immunity. *Ishler*, 237 F. App'x at 398. The Amended Complaint does not discuss whether the governmental defendants have waived their immunity, and nothing in the record suggests they have. Thus, the Court lacks jurisdiction over those defendants. *Thomas*, 364 F. App'x at 601; *McClendon*, 261 F.3d at 1256.

That leaves thirteen individual and corporate defendants who do not enjoy immunity. Gilberti fails to explain how most of these defendants relate to the lawsuit. For example, defendants Lawrence Fink and the National Railroad Passenger Corporation are mentioned only in the caption. "When a defendant is merely named in the caption of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him must be dismissed even under the liberal construction to be given to *pro se* complainants." *Clark v. Sierra*, 837 F. Supp. 1179, 1182 (M.D. Fla. 1993). Similarly, the Amended Complaint only mentions Bill Gates, Blackrock

9

Investment Group, LLC, Christopher Shaw, Tom Widen, CSX Transportation, the Canadian National Railway Company, and Seminole Gulf Railway in passing. It lacks well-pleaded facts showing these defendants harmed Gilberti. Like the governmental defendants, the Court cannot exercise jurisdiction over these peripheral parties that have no apparent ties to this district or Florida generally. *McKendrick v. Bulloch Co. Jail*, No. CV 622-050, 2022 WL 4241283, at *2 (S.D. Ga. Sept. 13, 2022).

Because the Amended Complaint does not establish this Court's jurisdiction over the governmental and peripheral defendants, they must be dismissed from the suit. *Daker*, No. 20-13598, at *1.

C.  **The Amended Complaint is a Shotgun Pleading that Fails to State a Claim Upon Which Relief May be Granted**

The Amended Complaint is thrice a shotgun pleading. First, ten causes of action begin by realleging and incorporating prior claims. (Doc. 8 ¶¶ 82, 88, 91, 99, 103, 109, 115, 118, 121, 124.) This is impermissible. *Weiland*, 792 F.3d at 1321.

Second, the Amended Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. For example, the Amended Complaint is saturated with references to conspiracy theories that do not support any alleged causes of action. (*See generally* Doc. 8.)

Finally, the Amended Complaint repeatedly asserts claims against all or multiple defendants "without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. For example, the Amended Complaint does not specify which of the thirty-five defendants this Court should eject from the property in Sarasota County. (Doc. 8 ¶ 87-91). Nor does it identify which Defendants conspired to obtain the Sarasota property or the acts they took to further the conspiracy. (*Id.* ¶ 90-97). In short, the Amended Complaint is a shotgun pleading that fails to state a claim on which relief may be granted. *McDowell v. Gonzalez*, 820 F. App'x. 989, 990-91 (11th Cir. 2020). As such, it must be dismissed.

### D. The Final Judgment Finding Gilberti's Lien Inferior to 72 Partners' Mortgage and Trustee Deed is Preclusive to Most, if Not All, of Gilberti's Claims

Gilberti's core allegation is that his land in Sarasota County was improperly foreclosed and judicially sold. Each cause of action in the Amended Complaint stems from the wrongful foreclosure. (*See* Doc. 8 at 5-26.) But Gilberti has litigated and lost that claim in state court. *Landtech Design Grp., Inc. v. 72 Partners, LLC*, No 2015-C-6544-NC (Fla. 12th Cir. Ct. Dec. 23, 2019). The final judgment in *Landtech Design Grp., Inc. v. 72 Partners, LLC*, found 72 Partners, LLC's mortgage and trustee deed were superior to Gilberti's lien on the property. *Id.* Gilberti unsuccessfully appealed the decision to the Second

11

District Court of Appeal and the Florida Supreme Court. *Gilberti v. 72 Partners, LLC*, No. SC21-813, 2021 WL 2201155 (Fla. June 1, 2021); *Gilberti v. 72 Partners LLC*, 321 So. 3d 731 (Fla. Dist. Ct. App. 2021), *review dismissed*, No. SC21-813, 2021 WL 2201155 (Fla. June 1, 2021). Later, Gilberti placed another lien on the property and the Court again granted final judgment for 72 Partners. *72 Partners, LLP v. Gilberti*, No. 2021-CV-1009 (Fla. 12th Cir. Ct. Aug. 11, 2021).

Gilberti now asks the Court to let him avoid transferring the property, return the property to him, and quiet title in his name. (Doc. 8 at 27.) As this Court has explained, the *Rooker-Feldman* doctrine prevents Gilberti from obtaining a "do-over" of the claims raised in state court. (Doc. 7 at 5.) It also prevents him from litigating any "claims that are inextricably intertwined with the state court judgment." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Palmer v. Washington Cnty.*, No. 19-10500-FF, 2019 WL 2108084, at *1 (11th Cir. Apr. 29, 2019). "It is also inextricably intertwined if it asks the district court to effectively nullify the state court judgment." *Id.*

Many of Gilberti's claims ask the Court to deviate from the state court's ruling that his lien was inferior to 72 Partners' mortgage and trustee deed. For

example, granting Gilberti's request for equitable lien foreclosure, trespass, ejectment, and to quiet title would clearly conflict with the state court's final judgment. (Doc. 8 at 49-80, 81-86, 87-90, 121-123.) Gilberti's Civil Rico and "Transfer with Intent to Hinder, Delay or Defraud a Creditor" claims also rely on the presumption that Gilberti owns the property. (Doc. 8 ¶¶ 108-114, 115-120.) Any ruling for Gilberti on these claims would undermine the state court judgment.

Additionally, Gilberti's statement of facts repeatedly refers to his alleged ownership of the property and its wrongful foreclosure and sale. (*Id.* ¶ 31-47.) Gilberti tells us these facts underlie each cause of action. (*Id.*) He also reincorporates these facts into most of his claims. (Doc. 8 ¶¶ 82, 88, 91, 99, 103, 109, 115, 118, 121, 124.) Thus, Gilberti acknowledges his ownership of the property is intertwined with each cause of action. Because the state court case has concluded, each claim that seeks review or rejection of the foreclosure judgment is barred by the *Rooker-Feldman* doctrine.

### E.  The Amended Complaint Should be Dismissed Without Leave to Amend

"Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." *Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017). "However, a district court need not allow even a *pro se* plaintiff leave to amend

13

where amendment would be futile." *Id.* "Granting leave to amend is futile if the underlying facts or circumstances relied upon by a plaintiff may [not] be a proper subject of relief." *Driessen v. Barclays Bank, PLC*, No. 21-13437, 2022 WL 3042940, at *2 (11th Cir. Aug. 2, 2022).

The Court dismissed Gilberti's initial complaint without prejudice and identified deficiencies to be corrected. (Doc. 7.) This included directing Gilberti to remove the bizarre allegations of terroristic threats and an underground river. He instead doubled down, introducing more bizarre allegations in the Amended Complaint. (*Compare* Doc. 1, *with* Doc. 8.) "The allegations that Gilberti makes—e.g., that Defendants have engaged in a decades long conspiracy to hide an endless supply of underground drinking water for their own monetary benefit are clearly of the type that courts routinely dismiss as patently insubstantial under Fed. R. Civ. P. 12(b)(1)." *Gilberti*, 2019 WL 1901293, at *2. In fact, Gilberti's claims have been routinely rejected by federal courts as frivolous. *Id.*; *Gilberti*, No. 1:21-CV-00680, 2022 WL 3447162, at *4; *Joseph D. Gilberti*, No. 8:21-CV-1952-WFJ-CPT; *Gilberti*, No. 8:21-cv-954-MSS-AEP, at 5; *Gilberti*, No. 2:19-cv-282-FtM-38MRM, at 3; *Gilberti*, No. 8:19-cv-2012-T-33AAS, at 7.

Considering the certain futility of future amendments, dismissal is justified. *Driessen*, 2022 WL 3042940, at *2. Gilberti has not (and cannot) cure the deficiencies that plague his Amended Complaint. Accordingly, his suit

(Doc. 8) should be **DISMISSED** and leave to amend withheld under 28 U.S.C. § 1915(e).

**RECOMMENDED** in Fort Myers, Florida on December 6, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.