UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH GILBERTI, JR.,

    Plaintiff,

v.                                                                Case No.:   2:23-cv-609-SPC-KCD

DONNA MARIE PADAR, RON DESANTIS, RYAN SNYDER, 72 PARTNERS LLC, CHRISTOPHER SHAW, KENNETH HARRISON, FLORIDA SECOND DISTRICT COURT OF APPEALS, THE PENTAGON, FEDERAL BUREAU OF INVESTIGATION, OFFICE OF THE STATE ATTORNEY ED BRODSKY 12TH JUDICIAL CIRCUIT, OFFICE OF THE PUBLIC DEFENDER 12TH JUDICIAL CIRCUIT, 12TH JUDICIAL CIRCUIT COURT OF FLORIDA, 13TH JUDICIAL CIRCUIT COURT OF FLORIDA, 20TH JUDICIAL CIRCUIT COURT OF FLORIDA, 17TH JUDICIAL CIRCUIT COURT OF FLORIDA, US MIDDLE DISTRICT OF FLORIDA, LEE COUNTY SCHOOL BOARD, TOM WIDEN, STEPHEN WALKER, MARK WOLFE, DOMINGUEZ, CONRAD, MANATEE COUNTY COMMISSION, SARASOTA COUNTY COMMISSION, ENVIRONMENTAL PROTECTION AGENCY, US CONGRESS, US SENATE, PEACE RIVER MANASOTA WATER

SUPPLY AUTHORITY,
NATIONAL RAILROAD
PASSENGER CORPORATION,
BILL GATES, CANADIAN
NATIONAL RAILWAY
COMPANY, CSX
TRANSPORTATION INC.,
SEMINOLE GULF RAILWAY,
LAURENCE D. FINK and
BLACKROCK INVESTMENT
GROUP, LLC,

          Defendants.
_____/

## OPINION AND ORDER

Before the Court is United States Magistrate Judge Kyle C. Dudek's Report and Recommendation ("R&R"). (Doc. 9). Judge Dudek recommends dismissing the Amended Complaint (Doc. 8) because it is frivolous and fails to state a claim under 28 U.S.C. § 1915(e). Plaintiff Joseph Gilberti has objected to the R&R. (Doc. 10). After a careful and independent review of the parties' papers, record, and applicable law, the Court overrules Gilberti's objections and denies his Request for Evidentiary Hearing as moot.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. And legal conclusions are reviewed de novo even

2

with no objection. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Although Gilberti has objected to the R&R, the objections are not specific, provide no bases for the arguments, and identify no error by Judge Dudek. The objections make only two non-substantive points: (1) Judge Dudek should have recused himself, and (2) Gilberti should have the right to an evidentiary hearing before his case is dismissed. Even liberally construing these so-called "objections" and reviewing them under a de novo standard, they are unconvincing.

To start, Gilberti demands Judge Dudek's recusal because years ago he worked at the same law firm as another lawyer named Luis Rivera. But it is unclear what connection, if any, Mr. Rivera has to this case. He is neither an attorney of record nor a party. As best the Court can tell, Gilberti has encountered Mr. Rivera in other suits that he has filed.[1] So Gilberti does not object to the R&R's proposed findings or recommendations, but to Judge Dudek himself. And without more information, Gilberti has provided no persuasive reason why Judge Dudek should have recused.

---

[1] Gilberti alleges that Mr. Rivera works "at law firms attacking Plaintiff as far back as 2006, and again in 2013-2023 with Henderson Franklin, Gray Robinson of Water Forum, Greenberg Traurig, Ron Desantis, FDEP and FDLE bureaucrats loafing off Peace River and ACOE lawsuits with Mosaic mining, that trigger trillions in Healthcare cases and cost by sustaining a massive POOR LEVEL OF SERVICE in Water Supply by purposely hiding these secret underground rivers." (Doc. 10 at 2).

Next, Gilberti argues this case cannot be dismissed for lack of standing without an evidentiary hearing. But standing is not at issue. The R&R recommends dismissal (not on standing) from an *in forma pauperis* screening under 28 U.S.C. § 1915(e)(2)(B). The R&R finds—and this undersigned agrees with well-reasoned and sound factual and legal analysis—that the Amended Complaint is frivolous, fails to show jurisdiction, is a shotgun pleading, and improperly states precluded claims. So the Amended Complaint must be dismissed without leave to amend under § 1915(e)(2)(B), and Gilberti's request for an evidentiary hearing is moot.

Accordingly, it is now

**ORDERED:**

1. United States Magistrate Judge Kyle C. Dudek's Report and Recommendation (Doc. 9) is **ACCEPTED and ADOPTED,** and the findings incorporated.

2. Plaintiff Joseph Gilberti's Objection (Doc. 10) is **OVERRULED**.

3. The Amended Complaint (Doc. 8) is **DISMISSED as frivolous and with no leave to amend**.

4. Plaintiff's request for an evidentiary hearing (Doc. 8) is **DENIED** as moot.

5. The Clerk is **DIRECTED** to terminate any deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 19, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record